IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV520-1-MU


GEORGE W. GANTT-EL,      )
                         )
     Plaintiff,      )
                         )
     v.      )      **O R D E R**
                         )
DR. SMITH, <u>et al.</u>,      )
                         )
     Defendants.      )
                         )


     **THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint, filed December 19, 2006.

     In his Complaint Plaintiff alleges that the Defendants have denied him prescribed medications, laboratory tests, and standardized treatment for diabetes, high blood pressure, and HIV infection. Plaintiff also asserts that his finger sticks have been disrupted since July 17, 2006, and that his medical reports have been falsified. Plaintiff alleges that these actions violate his constitutional rights and the Americans with Disabilities Act (ADA).

     The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516

(2002). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[1] Id. at 532.

After receiving Plaintiff's Complaint, on December 19, 2006, this Court sent him an Order informing him of § 1997e's exhaustion requirement and ordering him to provide all proof that he has exhausted his administrative remedies.[2] In response, Plaintiff informed the Court that he had already sent the Court copies of all his grievances with his Complaint.

The grievances provided by Plaintiff to the Court indicate that Plaintiff filed a grievance on September 28, 2006, complaining that his September 11, 2006, medication slip was misappropriated. In addition, Plaintiff complains that lotion and soap were not included in an order when they should have been. Plaintiff appealed this grievance through the thee-step Department of Correction process.

The grievances provided by Plaintiff reveal that Plaintiff has failed to exhaust any of his claims but his medication claim. Nowhere in his grievance does Plaintiff mention the denial of laboratory tests, the failure to provide him standardized treatment for diabetes, high blood pressure,

---

[1] This Court finds that given the broad, inclusive language of Porter v. Nussle, 534 U.S. 516 (2002), the Prison Litigation Reform Act's exhaustion requirement extends to ADA claims. See, e.g., Jones v. Smith, 266 F.3d 399, 399 (6th Cir. 2001)(holding that district court properly dismissed prisoner plaintiff's ADA claim for failure to exhaust).

[2] In Anderson v. XYZ Correctional Health Servs. Inc., 407 F.3d 674 (4th Cir. 2005), the United States Court of Appeals for the Fourth Circuit held that the PLRA's exhaustion requirement does not impose a heightened pleading requirement on an inmate. Id. at 683. The Fourth Circuit, however, held that a court could sua sponte dismiss a complaint for failure to exhaust if failure to exhaust is evident from the face of the complaint or if it has given the plaintiff an opportunity to address the issue. Id. at 682-83. Here, Plaintiff was given an opportunity to address the exhaustion issue and he did in fact do so.

or HIV, the witholding of finger sticks,[3] or the falsification of medical reports. As such, Plaintiff has not exhausted any but his claim regarding the denial of medications.

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

In his Complaint Plaintiff makes the broad, unsupported allegation that the Defendants have denied him his medication. Plaintiff does not provide any specifics with regard to this claim in his Complaint. In his grievance Plaintiff is more specific. Plaintiff alleges that on September 11, 2006, he submitted a request for Glybrude, Theraton lotion, and Dove soap but that as of the date of the

---

[3] On September 13, 2006, Plaintiff filed a rambling Complaint alleging, among other things, problems he was having with medical personnel at Lanesboro Correctional Institution. (3:06CV392). In dismissing Plaintiff's Complaint for failure to exhaust and for failure to state a claim, the Court specifically addressed Plaintiff's finger stick allegation and his falsifying medical records allegation. The Court notes that the principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). The principle of res judicata applies even when additional parties are added to the subsequent lawsuit, as long as the law suit arises out of the same set of operative facts as the first lawsuit. See Nevada v. United States, 463 U.S. 110, 130-31 (1983). Res judicata bars the litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991).

grievance he had not yet received these items. In addition, Plaintiff alleges that on September 26, 2006, he put in an order for vitamins, Zyagen, and Dove soap but he never received the soap. After investigating the matter, the prison responded that Plaintiff received his medications when the medicines arrived at the unit. Plaintiff was reminded to reorder his medications ten days in advance. In addition, the prison noted that due to circumstances beyond its control it sometimes did not receive medications from the central pharmacy but that it was working on improving the process.

At best, the evidence supports a finding that Defendants were negligent with regard to the filling of Plaintiff's prescriptions. Nothing in the record supports a finding that any of the Defendants acted with actual malice or reckless disregard to a substantial risk of harm towards Plaintiff. See e.g., Herndon v. Whitworth, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995)(holding that giving inmate the wrong epilepsy medication for three or four days resulting in seizures did not violate Eighth Amendment despite the fact that inmate specifically notified the nurse of his prescription); Bundrick v. Hammond, 817 F. Supp. 470, 473 (D. Del. 1993)(holding that occasional unavailability of medication does not rise to constitutional violation); Cox v. District of Columbia, 834 F. Supp. 439, 440-42 (D.D.C. 1992)(two-week delay in providing medication to prisoner insufficient to state Eighth Amendment claim).

Nor does Plaintiff's medicine claim prevail in the ADA context. A plaintiff may not bring an cause of action under Title II of the ADA against individual defendants. See Baird ex. Rel. Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999). As Plaintiff has only sued individuals, his ADA claim is dismissed.

Moreover, the Court notes that even if Plaintiff had exhausted all of his ADA claims and had

sued a proper defendant, his ADA claims would still fail.  In order to state a claim under the ADA a plaintiff must prove: 1) that he has a disability; 2) he is otherwise qualified for the benefit or program at issue; and 3) he was excluded from the benefit or program due to discrimination solely on the basis of the disability.  See Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261, 1265 (4th  Cir. 1995).  Plaintiff has not alleged that his lack of proper medical care stems from any discriminatory intent related to a disability.  As such he has failed to state a claim under the ADA.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

Signed: February 12, 2007

Graham C. Mullen
United States District Judge